DUCKER, JUDGE:
The claimant, Vogt-Ivers & Associates, an engineering partnership of Charleston, West Virginia, alleges it is due from the Department of Natural Resources of the State of West Virginia, the sum of $16,275.00 as additional compensation for services rendered in connection with the development of the Cass Scenic Railroad at Cass, West Virginia.
A contract for engineering services by the claimant was entered into between the Department of Natural Resources and the claimant on July 9, 1964, under the terms of which the claimant was to prepare all working drawings, specifications and cost estimates for all the work contemplated in the project, and to assist in the taking of bids and to provide field supervision of construction. The claimant estimated the cost of the project to be $509,050.00 and in Article IV of the contract the payment to the claimant was to be “for its services set out and required in the contract a total lump sum fee of Fifty Thousand and Nine Hundred Dollars ($50,900.00) for the Cass Scenic Railroad project as outlined in the Area Redevelopment Administration’s offer to the West Virginia Department of Natural Resources, dated 27 June 1963.”
Claimant now says the total cost of the project was $696,652.66 and that its offer of $50,900.00 was based on ten percent of the cost which was first calculated on a basis of $509,050.00, and that the ten percent on such part of said $696,652.66 in excess of $509,050.00 as is properly chargeable, amounts to an additional $16,275.00, which the claimant now *215 seeks to recover in this proceeding. No agreement as to compensation other than the $50,900.00 was ever made between the parties. Claimant was paid the $50,900.00 and respondent says it is not liable for the extra amount claimed, that the fee was a lump sum fee for the whole project.
Claimant contends that it figured its fee on a basis of ten percent of the estimated cost which was less than the amount of the bids received for performance of the contract. When it was seen that the cost would be higher the respondent in 1966 obtained from the Department of Housing and Urban Development an additional grant of approximately $220,000.00. After the original bids proved greater than the amount available, claimant says it was requested by respondent to see if the deductive alternates in the plans would not bring the bids within the available funds but such reduction in the estimate costs were not sufficient to do so, and consequently the additional funds were requested and obtained.
Claimant says that it was required to make changes in the plans and do extra work in connection with the completion of the work after the additional funds were received, but the evidence of the claimant fails to show that what was done and claimed as extra was not contemplated in the project. Deductive alternates, it appears to this Court, were in the original plans and when more funds were available the alternates were susceptible of use. It' is difficult to conclude that additional plans had to be drawn for their use, and even if additional plans were necessary, paragraph 2 of Phase II of Article 1 of the contract provides that “if in the opinion of the Owner, any additions to said plans and specifications are necessary, the Engineer/Architect shall furnish such additional plans and specifications without additional compensation from the Owner.”
From the evidence in this case it appears to this Court that when the plans were drawn by the claimant for the Cass Railroad Project it was considered that $509,500.00 would be sufficient funds for the purpose, and the claimant was willing to do all the engineering and supervisory work necessary for the project for $50,900.00, which no doubt was calculated on a ten percent basis, but claimant apparently wanted to be sure *216 it received $50,900.00, regardless of whether the cost was $509,050.00, or more than that amount or less than that amount, and accordingly so provided, instead of making the fee a contingent one of ten percent of the cost. Surely the respondent could not have said it owed claimant only $40,000.00 if the cost had been only $400,000.00.
The evidence of the respondent in our opinion sufficiently contradicts the claim that claimant has done work over and above that specified in or contemplated by the contract and we conclude that the claimant is not entitled to the extra compensation alleged, and accordingly, the claim is disallowed.
Claim disallowed.